IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUNELL L. TYPER, | |
| Plaintiff, | **4:25CV3218** |
| vs. | |
| FRANK J. BISIGNANO, Commissioner of the Social Security Administration; | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 28 U.S.C. §2412(d), the Equal Access to Justice Act (Filing No. 19).  The motion will be granted.

### DISCUSSION

On October 23, 2025, Plaintiff filed this suit challenging the denial of her request for social security disability benefits.  (Filing No. 1.)  Upon Defendant's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Filing No. 15), the Court entered an order and judgment reversing and remanding this action pursuant to sentence four of 42 U.S.C. § 405(g).  (Filing No. 17; Filing No. 18.)  In light of this ruling, Plaintiff now requests that the Court award her attorney's fees and costs totaling $8,191.59 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Filing No. 19.)

In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(1)(A). Substantial justification occurs when the Commission's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005.) In this case, the Commissioner moved to remand and reverse this case (Filing No. 15), and does not object to Plaintiff's EAJA motion (Filing No. 21). The Commissioner has therefore conceded the issue of substantial justification.

As to the amount of the award, a reasonable fee under § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). In this case, Plaintiff's counsel submitted an itemization of 33.99 hours of attorney work time at a rate of $241 per hour for work conducted in 2025 and 2026. (Filing No. 19-1.) Plaintiff also submitted Consumer Price Index data. (Filing No. 19-3.) *See* 28 U.S.C. § 2412(d)(2)(A) (stating that the Court may award fees over $125 per hour if warranted by an increase in the cost of living); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (stating that the Consumer Price Index constitutes proper proof of the increased cost of living and can justify an increased EAJA attorney fee award). The Commissioner filed a response stating he does not object to an award of attorney's fees in this amount, but noted that under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), the EAJA fee may be subject to offset to satisfy any pre-existing debut that the litigant may owe to the United States. (Filing No. 21.)

Based on the Court's Order reversing and remanding this case, and following review, the Court finds Plaintiff is entitled to an EAJA attorney fee award of $8,191.59 to be paid by the Social Security Administration. Plaintiff is a prevailing party in this matter and otherwise meets the EAJA's statutory requirements. *See* 28 U.S.C. § 2412(d)(1)(a). The requested increase in hourly rates from the $125 baseline is supported by the cost-of-living index submission and both the rate requested and hours expended on this matter are reasonable.

Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 28 U.S.C. §2412(d), the Equal Access to Justice Act (Filing No. 19) is granted.

2.    Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $8,191.59 are to be paid to Plaintiff and delivered to Larkin Law Practice, LC, less any offset to satisfy a pre-existing debt to the United States.  Such award shall be paid by the Social Security Administration.

3.    A separate judgment will be entered as requested.

Dated this 27th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3